IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
 )
                          Plaintiffs, )
     v. )
 )
WHITE RETAIL CONSTRUCTION )
SERVICES, INC., an Arkansas corporation, )
                          Defendant. )

FILED: APRIL 2, 2008
08CV1898 J. N.
JUDGE ST. EVE
MAG. JUDGE DENLOW

Case No.

Judge

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of

the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo and Charles Ingrassia, for their Complaint against Defendant White Retail Construction

Services, Inc., state:

### COUNT I

### (Failure To Submit Reports and/or Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant White Retail Construction Services, Inc., (hereinafter referred to as "White Retail" or the "Company") is an Arkansas corporation.  The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The

Union and the Company are parties to collective bargaining agreements which became effective

June 1, 2006.  ("Agreement").  (A copy of the "short form" Agreement entered into between the

Union and the Company which Agreement adopts and incorporates a Master Agreement between

the Union and various employer associations, and also binds the Company to the Funds'

respective Agreements and Declarations of Trust, is attached hereto as **Exhibit A**.)

7.      The Funds have been duly authorized by the construction and General Laborers'

District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete

Contractors' Association of Greater Chicago ("CCA"), the Builders' Association of Greater

Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the

Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers'

Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"),

the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the

CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor

Management Committee Cooperative ("LDCMC") and the Illinois Small Pavers Association

("ISPA") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust

obligate the Company to make contributions on behalf of its employees covered by the

Agreement for pension benefits, health and welfare benefits, for the training fund and to submit

monthly remittance reports in which the Company, *inter alia*, identifies the employees covered

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of

each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective

3

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of February 2008 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of February 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and contributions to Laborers' Training Fund for the period of February 2008 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)    failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of February 2008 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)    failed to obtain and maintain a surety bond in accordance with the terms of the Agreement.

12.    The Company's actions in failing to make timely reports and contributions, failing to fully pay reported contributions, and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA.  29 U.S.C. §185.

13.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages and accumulated liquidated damages on the unpaid contributions, audit costs, if any, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant White Retail Construction Services, Inc., as follows:

a.    ordering the Company to submit benefit reports and contributions for the time period of February 2008 forward, and to submit the Company's books and records to an audit upon demand;

b.    entering judgment in sum certain against the Company on the amounts due and owing pursuant to February 2008 forward reports and contributions, audit if any, including

interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs;

      c.      ordering the Company to obtain and maintain a surety bond; and

      d.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

14.      Plaintiffs reallege paragraphs 1 through 13 of Count I.

15.      Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.  Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

16.      Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit reports and union dues that were or should have been withheld from the wages of its employees performing covered work for the periods of February 2008 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

17.      Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant White Retail Construction Services, Inc., ordering the Company to submit current dues reports and dues, submit their books and records to the Funds for an audit upon demand, ordering them to pay any union dues revealed as due and owing on the delinquent reports and audit, if any, together with all late fees, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure To Pay Employee Benefit Contributions)

18.    Plaintiffs reallege paragraphs 1 through 13 of Count I; and paragraphs 14 through 17 of Count II.

19.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has, as shown in a true and accurate copy of the audit conducted of the Company for the period of April 18, 2007 through September 30, 2007 attached hereto as **Exhibit B** with a true and accurate copy of the audit summary sheet attached as **Exhibit B-1**:

(a)    failed to report and pay contributions in the amount of $479.54 owed to Plaintiff Laborers' Pension Fund for the audit period of April 18, 2007 through September 30, 2007, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay contributions in the amount of $673.21 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of April 18, 2007 through

September 30, 2007, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $18.57 owed to Laborers' Training Fund for the period of April 18, 2007 through September 30, 2007, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $15.54 owed to the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of April 18, 2007 through September 30, 2007, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $10.36 owed to the Illinois Small Pavers' Association ("ISPA"), for the audit period of April 18, 2007 through September 30, 2007, thereby depriving ISPA of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to report and pay contributions in the amount of $6.48 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit period of April 18, 2007 through September 30, 2007, thereby depriving LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

20.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and

8

Declarations of Trust, the Company is obligated to pay up to 20 percent liquidated damages for all contributions which are not paid in a timely fashion, plus interest.  Accordingly, the Company owes $95.66 in liquidated damages to the Pension Fund, $134.27 in liquidated damages to the Welfare Fund, $3.71 in liquidated damages to the Training Fund, $1.55 in liquidated damages to LDCLMCC, $1.04 in liquidated damages to ISPA, and $.65 in liquidated damages to LECET, plus interest, on the amounts set forth in paragraph 20.

21.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is obligated to pay the costs of any audit which reveals unpaid contributions.  The cost of the audit which revealed the foregoing delinquencies was $630.00.

22.    The Company's actions in failing to timely submit contributions violates Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA.  29 U.S.C. §185.

23.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages, accumulated liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant White Retail Construction Services, Inc., as follows:

a.    entering judgment in sum certain against Defendant on the amounts due and owing pursuant to the April 18, 2007 through September 30, 2007 audit including interest,

liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

  b.  awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Union Dues)

  24.  Plaintiffs reallege paragraphs 1 through 13 of Count I; paragraphs 14 through 17 of Count II; and paragraphs 18 through 23 of Count III.

  25.  Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to the union and forward to the union $118.87 in dues that were deducted or should have been deducted from the wages of its employees for the audit period of April 18, 2007 through September 30, 2007, plus $11.89 in liquidated damages on that amount, thereby depriving the Union of income and information. In addition, White Retail also owes $36.65 in accumulated liquidated damages as a result of untimely submitted dues reports and dues for the period of May 2007.

  26.  Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages on the unpaid dues and on late paid dues, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

  WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant White Retail Construction Services Inc., for the amount of the union dues owed to

date together with all liquidated damages, accumulated liquidated damages, audit costs,

attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

Laborers' Pension Fund, et al.

By: _____
        Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

### AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __WHITE RETAIL CONSTRUCTION SERVICES INC.__ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Fall Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008; and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.55 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 1.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments are required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractor's or the subcontractor's Employees possible hours and be liable for payments to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund. The Employer shall further assume the obligations of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDCLMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: __April, 18__ , 20 07

ACCEPTED:

Laborers' Local Union No. __288__

By: _Jerry Wright_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _John Connolly_
James P. Connolly, Business Manager

By: _Frank Riley_
Frank Riley, President & Secretary-Treasurer

For Office Use Only: ___

__White Retail Construction Services Inc.__
(Employer)

FEIN No.: __20-8039207__

By: _Robert White Jr. President_
(Print Name and Title)

_(signature)_
(Signature)

45 Financial Dr. Suite 2
(Address)

Cabot, AR 72023
(City, State and Zip Code)

501-941-1601
(Telephone/Telefax)



EXHIBIT A

Effective June 1, 2006    WHITE - LOCAL UNION  •  CANARY - TRUST FUND  •  PINK - DISTRICT COUNCIL  •  GOLD - EMPLOYER

<u>WHITE RETAIL CONSTRUCTION SERVICES, INC.</u>
<u>45 FINANCIAL DR.</u>
<u>CABOT, AR 72023</u>

<u>EMPLOYER #34703</u>

<u>APRIL 18, 2007 – SEPTEMBER 30, 2007</u>



# BANSLEY AND KIENER, L.L.P.

### CERTIFIED PUBLIC ACCOUNTANTS

O'HARE PLAZA
8745 WEST HIGGINS ROAD, SUITE 200
CHICAGO, ILLINOIS 60631
AREA CODE 312 263.2700

February 12, 2008

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of White Retail Construction Services, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period April 18, 2007 to September 30, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council
## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2007 | 5-31 2008 | Total Due |
|---|---|---|---|
| Hours Not Reported | 0.50 | 84.00 | 84.50 |
| Hours - Man Not Reported | 0.00 | 0.00 | 0.00 |
| | | | |
| **Dollar Amount Due** | | | |
| | | | |
| Welfare | 3.73 | 669.48 | 673.21 |
| Pension | 2.42 | 477.12 | 479.54 |
| Training | 0.09 | 18.48 | 18.57 |
| ISPA | 0.04 | 10.32 | 10.36 |
| LECET | 0.03 | 6.45 | 6.48 |
| LMDC | 0.06 | 15.48 | 15.54 |
| Working Dues | 0.00 | 118.87 | 118.87 |
| **Total** | 6.37 | 1,316.20 | 1,322.57 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 0.00 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 36.65 |
| Audit Fee | 630.00 |
| Total amount due | 1,989.22 |

| | | | |
|---|---|---|---|
| Employer Name - | WHITE RETAIL CONS. SVCS., INC. | Person Contacted - | ROBERT WHITE, JR. |
| Employer - | 34703 | Date of Contact - | JANUARY 21, 2008 |
| Date of Audit - | JANUARY 30, 2008 | Telephone - | 870-615-0229 |
| Audit Period - | APRIL 18, 2007 - SEPTEMBER 30, 200? | Auditor - | HECTOR CABRALES |

# Laborers' District Council

**Reconciliation Between Actual and Reported Hours**

| SS# | Name | | | | | 2006 | | | | | | | 2007 | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | OSARK, BRANDON | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 0.50 |
| | | | | | | | | | | | | | | 0.50 | 0.50 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $7.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.73 | 3.73 |
| Pension | $4.84 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.42 | 2.42 |
| Training | $0.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.08 | 0.08 |
| ISPA | $0.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.04 | 0.04 |
| LECET | $0.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.03 | 0.03 |
| LMDC | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.06 | 0.06 |
| Working Dues | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.37 | 6.37 |

**Employer Name -** WHITE RETAIL CONS. SVCS., INC.  **Person Contacted -** ROBERT WHITE, JR.

**Employer -** 34703   **Date of Contact -** JANUARY 21, 2008

**Date of Audit -** JANUARY 30, 2008   **Telephone -** 870-615-0229

**Audit Period -** APRIL 18, 2007 - SEPTEMBER 30, 2007  **Auditor -** HECTOR CABRALES

3

# Laborers' District Council

### Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | Jun | Jul | Aug | 2006 Sep | Oct | Nov | Dec | Jan | Feb | 2007 Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | CISARIK, BRANDON | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Rate - 1.75% of gross wages

| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Employer Name - | WHITE RETAIL CONS. SVCS., INC. | Person Contacted - | ROBERT WHITE, JR. |
| Employer - | 34703 | Date of Contact - | JANUARY 21, 2008 |
| Date of Audit - | JANUARY 30, 2008 | Telephone - | 870-615-0229 |
| Audit Period - | APRIL 18, 2007 - SEPTEMBER 30, 2007 | Auditor - | HECTOR CABRALES |

# Laborers' District Council

### Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | 2007 | | | | | | | 2008 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | CISARIK, BRANDON | | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 45.00 |
| 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 | FREYMANN, JOHN | | 0.00 | 84.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 84.00 |
| | | Total | 45.00 | 84.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 129.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $7.97 | 0.00 | 669.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 669.48 |
| Pension | $5.58 | 0.00 | 477.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 477.12 |
| Training | $0.22 | 0.00 | 18.48 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 18.48 |
| ISPA | $0.08 | 3.60 | 6.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.32 |
| LECET | $0.05 | 2.25 | 4.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.45 |
| LMDC | $0.12 | 5.40 | 10.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.48 |
| Working Dues | $40.78 | 40.78 | 78.09 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 119.87 |
| Total | | 52.03 | 1,284.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,316.20 |

Note: Hours worked by Brandon Cisarik in June 2007 are deficient only to ISPA, LECET and LMDC.

| | | | |
|---|---|---|---|
| Employer Name - | WHITE RETAIL CONS. SVCS., INC. | Person Contacted - | ROBERT WHITE, JR. |
| Employer - | 34703 | Date of Contact - | JANUARY 21, 2008 |
| Date of Audit - | JANUARY 30, 2008 | Telephone - | 870-615-0229 |
| Audit Period - | APRIL 18, 2007 - SEPTEMBER 30, 2007 | Auditor - | HECTOR CABRALES |

5

# Laborers' District Council

### Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | 2007 | | | | | | | 2008 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 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 | CISARIK, BRANDON | 1,482.87 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,482.87 |
| 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 | FREYMANN, JOHN | 0.00 | 2,839.56 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,839.56 |
| | Total | 1,482.87 | 2,839.56 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,322.43 |

Rate - 2.75% of gross wages

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dues | 40.78 | 78.09 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 118.87 |

| | | |
|---|---|---|
| Employer Name - WHITE RETAIL CONS. SVCS., INC. | Person Contacted - | ROBERT WHITE, JR. |
| Employer - 34703 | Date of Contact - | JANUARY 21, 2008 |
| Date of Audit - JANUARY 30, 2008 | Telephone - | 870-615-0229 |
| Audit Period - APRIL 18, 2007 - SEPTEMBER 30, 2007 | Auditor - | HECTOR CABRALES |

## BANSLEY & KIENER, L.L.P.
## PAYROLL AUDIT INFORMATION SHEET

| | | | |
|---|---|---|---|
| EMPLOYER'S NAME | WHITE RETAIL CONST SERV, INC. | EMPLOYER # | 34703 |
| ADDRESS | 45 FINANCIAL DR. | PHONE # | 870-615-0229 |
| CITY/STATE/ZIP | CABOT, AR 72023 | FEIN # | 20-8039207 |
| DATE OF CONTACT | JANUARY 21, 2008 | AUDIT PERIOD | 4/18/2007 - 9/30/2007 |
| CONTACT'S NAME | ROBERT WHITE, JR. | TITLE | PRESIDENT |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | SAME AS ABOVE |
| ENTITY TYPE | CORPORATION | # OF EMPLOY. | 51 |
| BUSINESS ACTIVITY | DRYWALL & CARPENTRY | | |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| ROBERT WHITE, JR. | PRESIDENT | 100% | 43 CYPRESS CREEK DR. CABOT, AR 72023 |

BANKING FACILITIES USED AND ACCOUNT NO.          ARVEST BANK          0054222339

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS?

[ ] YES          [X] NO

IF YES, LIST NAMES OF SAME          N/A

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?

[ ] YES          [X] NO

IF YES, LIST NAMES OF SAME          N/A

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

AUDIT DATE                                    N/A

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):          BANSLEY & KIENER, L.L.P.

CHICAGO, IL

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF:     N/A

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:     INSUFFICIENT CONTRIBUTIONS REMITTED

FOR BRANDON CISARIK IN MAY AND JUNE 2007 AND JOHN FREYMANN IN JULY 2007.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE
ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES          ☒ NO

IF YES, EXPLAIN:          N/A

AUDITOR:          HECTOR CABALES

# LABORERS' PENSION & WELFARE FUNDS

AUDIT    4/18/07-9/30/07

EMPLOYER    WHITE RETAIL CONSTRUCTION SERVICES, INC.    CODE   34703

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | MCIAF | RATE | ISPA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ADDITIONAL HOURS** | | | | | | | | | | | | | | | | | | | |
| 4/08/07-5/31/07 | 0.50 | 3.73 | 7.46 | 2.42 | 4.84 | 0.09 | 0.17 | | 0.06 | 0.12 | | | 0.04 | 0.08 | 0.03 | 0.05 | | | 6.37 |
| 6/1/07-9/30/07 | 84.00 | 669.48 | 7.97 | 477.12 | 5.68 | 18.48 | 0.22 | 118.87 | 15.48 | | | | 10.32 | | 6.45 | | | | 1,316.20 |
| **MEN NOT REPORTED** | | | | | | | | | | | | | | | | | | | |
| **SUBTOTAL** | 84.50 | 673.21 | | 479.54 | | 18.57 | | 118.87 | 15.54 | | - | | 10.36 | | 6.48 | | | | 1,322.57 |
| 10% PENALTIES | | 0.37 | | 0.24 | | 0.01 | | | 0.06 | | | | 0.04 | | 0.03 | | | | 15.75 |
| 20% PENALTIES | | 133.90 | | 95.42 | | 3.70 | | 11.89 | 1.55 | | | | 1.04 | | 0.65 | | | | 233.02 |
| AUDIT COSTS | | 315.00 | | 315.00 | | | | | | | | | | | | | | | 630.00 |
| ATTORNEY FEES | | - | | - | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | 36.65 | | | | | | | | | | | 36.65 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | |
| **TOTAL DUE** | | 1,122.48 | | 890.20 | | 22.28 | | 167.41 | 17.09 | | - | | 11.40 | | 7.13 | | - | | 2,237.99 |

EXHIBIT
B-1